FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 23 2021

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Michael D. Murphy
   Assistant United States Attorney
4  402 E. Yakima Ave., Suite 210
5  Yakima, WA 98901
6  Telephone: (509) 454-4425

7              UNITED STATES DISTRICT COURT
8         FOR THE EASTERN DISTRICT OF WASHINGTON

9
10  UNITED STATES OF AMERICA,

11              Plaintiff,                    1:19-CR-02055-SMJ

12         v.                                 Plea Agreement
13

14  LELAND JAMES FINLEY,
15
16              Defendant.
17

18
        Plaintiff United States of America, by and through Vanessa R. Waldref,
19
20  United States Attorney for the Eastern District of Washington, and Michael D.
21  Murphy, Assistant United States Attorney, for the Eastern District of Washington,
22  and Defendant Leland James Finley (hereinafter "Defendant"), and the
23  Defendant's counsel, Craig D. Webster, agree to the following Plea Agreement:
24      1.  Guilty Plea and Maximum Statutory Penalties:
25          The Defendant agrees to plead guilty to the Indictment filed on November
26  13, 2019, charging the Defendant with Involuntary Manslaughter (Counts 1-4), in
27  violation of 18 U.S.C. §§ 1153, 1112 and Assault Resulting in Serious Bodily
28  Injury (Count 5) in violation of 18 U.S.C. §§ 1153, 113(a)(6).

Plea Agreement                    1

The Defendant understands that the maximum statutory penalty for Involuntary Manslaughter in violation of 18 U.S.C. §§ 1153, 1112, is eight (8) years imprisonment; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment. The Defendant understands that the maximum statutory penalty for Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153, 113(a)(6), is ten (10) years imprisonment; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

### 3. Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a. The right to a jury trial;

b. The right to see, hear and question the witnesses;

c. The right to remain silent at trial;

d. The right to testify at trial; and

e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

### 4. Elements of the Offenses:

The United States and the Defendant agree that in order to convict the Defendant of Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1153, 1112, as charged in Counts 1 through 4 of the Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, the defendant committed an act that might produce death;

Second, the defendant acted with gross negligence, defined as wanton or reckless disregard for human life;

Third, the defendant's act was the proximate cause of the death of each

victim (F.N., M.B., S.B. and M.U.), each death was the direct result or reasonably probable consequence of the defendant's act;

Fourth, the killing was unlawful,

Fifth, the defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others;

Sixth, the killing occurred within the exterior boundaries of the Yakama Nation Indian Reservation, which is considered "Indian Country" under Federal law; and

Seventh, the defendant is an Indian under Federal law.

The United States and the Defendant agree that in order to convict the Defendant of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153, 113(a)(6), as charged in Count 5 of the Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, the defendant assaulted John Doe 2 (E.A.) by driving a vehicle while under the influence of or affected by intoxicating liquor, marijuana, or any drug;

Second, as a result, John Doe 2 (E.A.) suffered serious bodily injury;

Third, the assault took place within the exterior boundaries of the Yakama Nation Indian Reservation, which is considered "Indian Country" under Federal law; and

Fourth, the defendant is an Indian under Federal law.

5. Factual Basis and Statement of Facts:

On May 7, 2019 law enforcement officers responded to a crash reported shortly after four in the morning and located at the intersection of U.S. Highway 97 and Larue Road, within the exterior boundaries of the Yakama Nation Reservation. John Doe 1 was driving a semi tractor/trailer with a flatbed trailer southbound on

Highway 97 when the Defendant, Leland James Finley, failed to stop at the stop sign on Larue Road and drove in front of the semi tractor/trailer, causing the collision. John Doe 2 (E.A.), had been a passenger in the sport utility vehicle driven by the Defendant and was ejected from the vehicle. Rescuers determined he was in critical condition and he was transported to the hospital by helicopter. John Doe 2 (E.A.) suffered head injuries as well as a fractured humerus, fractured clavical, fractured scapula, fractured vertebrae, and multiple rib fractures. F.N., M.B., S.B. and M.U were also passengers in the sports utility vehicle and were all determined to be dead at the scene of the crash due to trauma from the collision. Leland James Finley was trapped in the driver's seat of the sports utility vehicle and was rescued and transported to the hospital. Multiple alcohol containers were in the sports utility vehicle and scattered around the scene. Leland James Finley was interviewed at the hospital by Officer Gabriel Ramos of the Yakama Nation Police Department. Officer Ramos reported that after having been advised of his rights, Leland James Finley told Officer Ramos that he and the passengers had been driving around, drinking beer and driving. Officer Ramos also reported that Leland James Finley told the officer that he had been driving at the time of the crash and that he saw the stop sign and the semi tractor/trailer but that he just wanted to beat the truck. John Doe 1 told law enforcement officers that the sport utility vehicle seemed to come out of nowhere and pulled immediately in front of his vehicle. An analysis of the Defendant's blood, drawn at the hospital about five hours after the crash, showed the presence of alcohol, THC, metabolites of THC, cocaine, and metabolites of cocaine. The Defendant is an enrolled member of the Yakama Nation and by this fact and by blood, is considered an "Indian" under Federal law.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the

guideline computation or sentencing, unless otherwise prohibited in this agreement.

6.  Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f).  This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement.  The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7.  The United States Agrees Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8.  United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a.  Base Offense Level:

The United States and the Defendant agree to recommend that the base offense level is 22 pursuant to USSG §2A1.4(a)(2)(B).

b.  Specific Offense Characteristics:

The United States and the Defendant agree to recommend that a 4 level increase in offense level pursuant to USSG § 3D1.4 would apply. The parties agree to recommend that the Defendant's total offense level would be 26 prior to adjustment for acceptance of responsibility.

9. Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit nor is found to have committed any obstructive conduct; and accepts this Plea Agreement, the United States recommend a two (2) level downward adjustment in the offense level.  U.S.S.G. §3E1.1(a).  The United States will recommend a third point pursuant to U.S.S.G. §3E1.1(b), if the adjusted offense level is sixteen (16), or greater.  The Defendant and the United States agree that the United States may at its option, and upon written notice to the Defendant, not recommend the three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

10. Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report.  The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

11. <u>Incarceration:</u>

The United States agrees to recommend a term of imprisonment within the upper half of the applicable guideline sentencing range as found by the Court.

The Defendant reserves the right to recommend any legal sentence.

The parties agree to recommend that that adjusted total offense level will result in a guideline sentence of 46-57 months imprisonment.

12. <u>Criminal Fine:</u>

The United States and the Defendant recommend that no criminal fine be imposed.

13. <u>Restitution:</u>

The United States and the Defendant stipulate and agree that, pursuant to 18 U.S.C. §3663, §3663A, and §3664, the Court shall order restitution to all medical providers, as well as the Crime Victim's Compensation Fund, in an amount not to exceed $25,000.00.

14. <u>Supervised Release:</u>

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

15. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $100 mandatory special penalty assessment for each count ($500) to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States at sentencing as proof of this payment.

16.  <u>Payments While Incarcerated:</u>

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.  <u>Additional Violations of Law Can Void Plea Agreement:</u>

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18.  <u>Effect on Immigration Status:</u>

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty.  Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory for non-citizens. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is a non-citizen, no one, including his attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status, if any.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty

if he is a non-citizen.

19. Appeal Rights

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

20. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot

be modified except in a writing that is signed by the United States and the
Defendant.


Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for
the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

Michael D. Murphy
Assistant United States Attorney

11/25/2021
Date

I have read this Plea Agreement and have carefully reviewed and discussed
every part of the agreement with my attorney. I understand and voluntarily enter
into this Plea Agreement. Furthermore, I have consulted with my attorney about
my rights, I understand those rights, and I am satisfied with the representation of
my attorney in this case. No other promises or inducements have been made to
me, other than those contained in this Plea Agreement, and no one has threatened
or forced me in any way to enter into this Plea Agreement. I am agreeing to plead
guilty because I am guilty.

Leland James Finley
Defendant

11/23/21
Date

I have read the Plea Agreement and have discussed the contents of the

Plea Agreement                    11

agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          11/21/21
Craig D. Webster                                           Date
Attorney for the Defendant