Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | NO:  1:19-CR-2055-SMJ |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S SENTENCING MEMORANDUM |
| LELAND JAMES FINLEY, | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following sentencing memorandum. The Government is seeking a sentence of fifty-six months in prison followed by three years of supervised release:

Plaintiff's Sentencing Memorandum            1

I.

## SENTENCING CALCULATIONS

The Government agrees with the sentencing guidelines calculations in the PSIR. The PSIR sets out a guideline sentencing range of forty-six to fifty-seven months incarceration with a criminal history category of I. PSIR, ECF No. 105 ¶ 110.

II.

## GOVERNMENT'S OBJECTION TO PSIR

The Government has no objections to the PSIR.

III.

## SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

In the instant case, the Defendant drove a vehicle with five passengers across U.S. Highway 97, pulling out onto the highway in front of an oncoming semi-truck and failing to clear the right of way, causing the semi-truck to strike the vehicle and kill four people while injuring one other. ECF 105, ¶¶ 11, 14. The Defendant

was under the influence of alcohol, THC, and cocaine. *Id.* at 15. The Defendant admitted to an investigating officer that he had been drinking beer and that officer also reported that the Defendant told him that he saw the semi-truck coming but that he wanted to beat the truck. Plea Agreement, ECF 100, p. 5. The Defendant asserts that his current recollection is that he did stop at a stop sign before pulling out. Defendant's Objections to PSR, ECF 110, p. 2. However, the driver of the semi-truck described the vehicle driven by the Defendant as pulling directly in front of his vehicle. ECF 105, ¶ 14.

    2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The Defendant's conduct in driving under the influence of alcohol and narcotics led to the death of four people and the serious injury of two others, including himself. The tragic results of the Defendant's decision to get into the driver's seat of a vehicle, despite consuming alcohol and other drugs mandate a significant sentence in the upper half of the applicable guideline range.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence at the upper half of the guideline range should serve to deter further criminal conduct by the Defendant. He has no prior criminal history. ECF 104, ¶ 53. Further, he qualifies for acceptance of responsibility. ECF 104, ¶¶ 21-24. With respect to deterrence, it is important to note that while the Defendant

does not have any prior arrests or convictions for DUI, the PSIR reflects a long history of substance abuse. ECF 104, ¶¶ 74-77. The Defendant reports that he began drinking alcohol heavily at age twenty-one, began using marijuana at the age of eleven, used cocaine for about a month prior to the events leading to the instant charges, and used methamphetamine *after* the instant offense. A substantial sentence may serve to deter the Defendant from again deciding to drive after becoming intoxicated.

   4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence at the upper end of the guideline range, of fifty-six months, would protect the public from any further crimes by the Defendant for a substantial period of time.

   5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant has engaged in the abuse of marijuana, cocaine, methamphetamine and alcohol. ECF 104, ¶¶ 74-77. He has engaged in substance abuse treatment, completing Intensive Outpatient Treatment and outpatient treatment in 2020. *Id.* at 78. He therefore appears to have limited need for substance abuse treatment. However, he lacks a high school diploma or a GED. *Id.* at ¶ 79. He also lacks vocational skills. *Id.* at 80 A sentence at the upper half of the

applicable guideline range would permit the Defendant to obtain further educational as well as vocational training.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The United States recommends that the Court impose a sentence of fifty-six months in prison followed by three years of supervised release. The government does not seek the imposition of a criminal fine, as the Defendant has limited resources, has been largely unemployed, and restitution may be sought by the victims or their families.

Respectfully submitted this 17th day of May 2022.

VANESSA R. WALDREF
United States Attorney

s\ Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

I hereby certify that on May 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel for the Defendant.

                                          s\ Michael D Murphy
                                          MICHAEL D. MURPHY
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          402 E. Yakima Ave., Suite 210
                                          Yakima, WA    98901
                                          (509) 454-4425
                                          Fax (509) 454-4435